1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

GABRIEL CHAVEZ,

      Plaintiff,

      v.

D. JUDD, et al.

      Defendants.

NO. EDCV 08-696-AHM (AGR)

**ORDER DISMISSING
COMPLAINT WITH LEAVE TO
FILE AMENDED COMPLAINT**

18
19
20
21
22
23
24

      On June 12, 2008, Plaintiff, who is incarcerated at Ironwood State Prison, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In accordance with the mandate of the Prison Litigation Reform Act of 1995, the Court has screened the complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

25
26
27
28

      The Court's screening is governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Since

1    Plaintiff is appearing *pro se*, the Court construes the allegations of the pleading
2    liberally, affording Plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los*
3    *Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover, in
4    determining whether the complaint states a claim on which relief may be granted,
5    allegations of material fact are taken as true and construed in the light most
6    favorable to Plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.
7    1989).
8        After careful review and consideration of the complaint under these
9    standards, the Court finds Plaintiff's complaint fails to state a claim in some
10   respects.

**I.**

**ALLEGATIONS IN COMPLAINT**

13       Plaintiff names three defendants:  D. Judd, an optometrist; J.J. Stiles, Chief
14   Medical Officer; and R. Thomas, Chief Physician and Surgeon.  All defendants
15   are named in their individual capacities.
16       Plaintiff saw Judd on August 26, 2004, because of "blurred vision,
17   explosive headaches, dizziness (vertigo or whirling sensation), and irritated eyes
18   (i.e., itchy, burning and dry eyes)."  (Complaint, ¶¶ 8, 10.)  Judd refused to listen
19   to Plaintiff's symptoms and instead refilled a previous prescription for glasses.
20   (*Id.* ¶ 10.)  Judd threatened Plaintiff that he would issue a Rule Violation Report
21   ("RVR") and/or not order any glasses if Plaintiff continued to complain about his
22   symptoms.  (*Id.*)
23       Plaintiff continued to experience problems with his eyes and submitted
24   requests for medical treatment that were "ignored."  (*Id.* ¶ 11.)
25       On January 6, 2005, Plaintiff saw Judd again.  (*Id.* ¶ 12.)  Plaintiff told Judd
26   that he had "excruciating pain and blurred vision."  (*Id.*)  Judd again threatened
27   Plaintiff with the issuance of a RVR if he continued to complain.  (*Id.*)  Judd also
28   told Plaintiff that a referral to an ophthalmologist was not warranted.  (*Id.*)

1    Plaintiff submitted "correspondences" to Defendants Thomas and Stiles

2    asking that they intervene, but they "refused." (*Id.* ¶ 13.)

3    Plaintiff saw Judd again on December 22, 2005, and on May 5, 2006. (*Id.*

4    ¶ 16.)  Each time, Judd refused to refer Plaintiff to an ophthalmologist "despite

5    the serious visual problems he was experiencing." (*Id.*)

6    Plaintiff has three causes of action.  The first is deliberate indifference, the

7    second is a conspiracy to commit deliberate indifference, and the third is a

8    "system" to commit deliberate indifference.

9    Plaintiff seeks damages.

                                    **II.**

                                **DISCUSSION**

10

11

12    **A.    First Cause of Action - Deliberate Indifference**

13    "Liability under § 1983 must be based on the personal involvement of the

14    defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert.*

15    *denied*, 525 U.S. 1154 (1999) (citation omitted).  "A supervisor is only liable for

16    constitutional violations of his subordinates if the supervisor participated in or

17    directed the violations, or knew of the violations and failed to act to prevent them."

18    *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "The prisoner must set forth

19    specific facts as to each individual defendant's deliberate indifference." *Leer v.*

20    *Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (citation omitted).  "The inquiry into

21    causation must be individualized and focus on the duties and responsibilities of

22    each individual defendant whose acts or omissions are alleged to have caused a

23    constitutional deprivation." *Id.* at 633.

24    Plaintiff's allegations Defendants Stiles and Thomas denied his grievances

25    and/or appeals is insufficient. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.

26    1999) (When defendants' "only roles in [a civil rights] action involve the denial of

27    administrative grievances or the failure to act . . . they cannot be liable under §

28    1983."), *cert. denied*, 530 U.S. 1264 (2000).

1    Plaintiff's only other allegation against Stiles and Thomas is that Plaintiff

2    "submitted numerous correspondences" asking them to intervene, and they

3    "refused."  (Complaint ¶ 13.)  However, this allegation is nothing more than a

4    restatement that these defendants denied his grievances and appeals.  (*See*

5    Complaint, Ex. B5 (showing that Thomas, as Chief Physician and Surgeon,

6    signed off on the denial of Plaintiff's appeal); and B10 (showing that Stiles, as

7    Chief Medical Officer, signed off on the denial of Plaintiff's appeal).)  Plaintiff has

8    not alleged that either defendant, through his acts or omissions, caused Plaintiff's

9    constitutional rights to be violated.

10    Accordingly, Plaintiff's allegations regarding Thomas and Stiles are

11   insufficient to hold them liable.  If Plaintiff chooses to amend his complaint, he

12   must allege additional facts in accordance with the legal standard described

13   above.

14              **B.      Second Cause of Action - Conspiracy**

15    "To establish the defendants' liability for a conspiracy, a plaintiff must

16   demonstrate the existence of an agreement or meeting of the minds to violate

17   constitutional rights."  *Mendocino Environmental Center v. Mendocino County*,

18   192 F.3d 1283, 1301 (9th Cir. 1999) (citations and internal quotation marks

19   omitted).  "The defendants must have, by some concerted action, intend[ed] to

20   accomplish some unlawful objective for the purpose of harming another which

21   results in damage."  *Id.* (citations, footnote, and internal quotation marks omitted).

22   "[A] showing that the alleged conspirators have committed acts that are unlikely

23   to have been undertaken without an agreement may allow a jury to infer the

24   existence of a conspiracy."  *Id.* (citation and internal quotation marks omitted).

25   "To be liable, each participant in the conspiracy need not know the exact details

26   of the plan, but each participant must at least share the common objective of the

27   conspiracy."  *Id.* at 1302 (citation and internal quotation marks omitted).

28   ///

1  Plaintiff alleges no facts supporting the existence of an agreement among
2  Defendants to violate his constitutional rights.  If Plaintiff chooses to amend his
3  complaint, he must allege sufficient facts that support the elements of a
4  conspiracy, or he must eliminate this claim from his complaint.

5  **C.    Third Cause of Action - System/Policy**

6  Plaintiff alleges that Defendants "knowingly established and operate (sic) a
7  system where no-one (sic) is responsible to seeing to it that plaintiff's eyesight
8  can be corrected or improved."  (Complaint ¶ 39.)

9  Plaintiff has alleged no facts that support the notion that there was such a
10 policy or system in place.  Instead, he simply states that *he* was denied proper
11 medical care.  Plaintiff's statement that a policy exists is conclusory and
12 unsupported by any factual allegations.  *See Ivey v. Board of Regents*, 673 F.2d
13 266, 268 (9th Cir. 1982).

14 If Plaintiff chooses to amend his complaint, he must allege additional facts
15 indicating the existence of a policy or system to deny inmates proper eye care.

16 **III.**

17 **CONCLUSION**

18 If Plaintiff chooses to file a First Amended Complaint, it must be filed no
19 later than thirty days from the date of this Order; bear the docket number
20 assigned in this case; be labeled "First Amended Complaint"; and be complete in
21 and of itself without reference to the first complaint, or any other pleading,
22 attachment, or document.  Further, if Plaintiff chooses to amend his § 1983 claim,
23 he must use the blank Central District civil rights complaint form accompanying
24 this Order, must sign and date the form, must completely and accurately fill out
25 the form, and must use the space provided in the form to set forth all of the claims
26 in his First Amended Complaint.

27 The Clerk is directed to provide plaintiff with a blank Central District civil
28 rights complaint form.

5

**If Plaintiff fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his complaint as discussed in this Order, the Court may dismiss the action without prejudice for failure to prosecute and/or failure to comply with a court order (see Fed. R. Civ. P. 41(b)).**

**IT IS SO ORDERED**.

Date:  July 24, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge

6